**Priscilla M. CAHILL, Appellant,**

v.

**William F. CAHILL, Sr., Appellee.**

**No. 13578.**

District of Columbia Court of Appeals.

Argued April 25, 1979.

Decided May 22, 1979.

William P. Dale, Washington, D. C., for appellant.

Joanne Doddy Fort, Washington, D. C., with whom Willie L. Leftwich, Ronald C. Jessamy, Washington, D. C., and Peter Murtha, were on brief, for appellee.

Before GALLAGHER, HARRIS and MACK, Associate Judges.

PER CURIAM:

This was an action brought by the husband for absolute divorce on the ground of six months' voluntary separation. A counterclaim was filed by Mrs. Cahill seeking child support, alimony and judgment for arrearages due under a child support order entered in 1967 in Virginia. They have three children, the oldest of whom fairly recently began residing with the father.

The trial court granted the divorce. It denied alimony and awarded $350 per month to the wife for support of the two children in her custody and $1,000 counsel fees to the wife's lawyer. She contends the trial court erred (a) in failing to award alimony, (b) in failing to award a larger monthly child support payment, and (c) in failing to award a larger sum for attorney's fees.[1]

Appellant (wife) contends at the outset that the trial court erred in failing to make a single finding of fact with respect to the husband's income or ability to pay. Our review of the record discloses appellant is correct in this assertion and this, of course, prevents an intelligent review by the court in this case. A remand of the case is consequently required. *Mumma v. Mumma,* D.C. App., 280 A.2d 73 (1971); *see also Wood v. Wood,* D.C.App., 360 A.2d 488 (1976). Upon remand the trial court should explore and make findings on the income of the husband and his ability to pay, as well as on

---

1. We conclude there was no abuse of discretion in the award of attorney's fees and this award will stand and is affirmed.

the needs of all members of the family for whom financial assistance is being sought.[2]

*Remanded for further proceedings.*

---

**2.** This should be based upon the needs and ability to pay prevailing at the time of the remand proceedings.